**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **JAMES BELGER, #1406069,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:18-CV-1646-B  (BH) |
| ) | |
| **LORIE DAVIS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On May 16, 2018, James Belger (Petitioner), an inmate currently incarcerated in the Clements Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions for aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. (*See* Case No. 3:18-CV-1253-D. By *Notice of Deficiency and Order* dated May 17, 2018, he was notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) in that case, and he was given thirty days to pay the fee or file an IFP motion in that case. (*See id.*, doc. 4.)

On June 25, 2018, Petitioner filed an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," which is typically filed in the Court of Criminal Appeals of Texas. The filing was construed as a new case. (*See* Case No. 3:18-CV-1646-B). By *Notice of Deficiency and Order* dated June 26, 2018, he was

notified that if he intended to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court, he had not filed his petition on the appropriate form, and he was given thirty days to file the proper form. (*See id.,* doc. 3.) The order also stated that if he did not intend to file a § 2254 petition in federal court, he could file a notice voluntarily dismissing this action within thirty days. (*Id.*) Finally, the order notified him that he had not paid the filing fee or submitted an application to proceed IFP for his second case. (*Id.*) The order specifically advised Petitioner that failure to comply with the order could result in the dismissal of the case. (*Id.*)

On July 12, 2018, Petitioner's $5.00 filing fee for the first case, No. 3:18-CV-1253-D, was received. On July 16, 2018, it was recommended that the first case be dismissed as barred by the statute of limitations. (*See* doc. 7.)

On July 30, 2018, Petitioner filed an amended petition on the correct form in this second case, No. 3:18-CV-1646-B, challenging the same convictions at issue in his first case. (*See* doc. 5.)[1] He did not pay the filing fee for this case, however, so a *Second Notice of Deficiency and Order* issued on August 9, 2018, notifying him that he still had not paid the filing fee or submitted an application to proceed IFP for his second case and giving him thirty days to comply. (*See* 6.) It again specifically advised Petitioner that failure to comply with the order could result in the dismissal of the case. (*Id.*)

On August 30, 2018, his first case, No. 3:18-CV-1253-D, was dismissed as barred by the statute of limitations. (*See* docs. 11, 12.)

More than thirty days from the date of the second notice and deficiency order in this second

---

[1] The amended petition was initially opened as a third case, No. 3:18-CV-1969-K, because Petitioner did not use the amended petition form that had been sent to him, or otherwise include his case number on his filing. That third case was closed after Petitioner gave notice that he was only attempting to amend his complaint in the second case, and the amended petition was filed in this second case. (*See* docs. 5, 7.)

case have passed, but Petitioner has not paid the filing fee or filed an IFP application.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Petitioner failed to comply with the August 9, 2018 order that he either pay the filing fee or submit an IFP application for this second case despite a warning that failure to do so could result in dismissal of the case. Because he failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner either pays the filing fee or submits his completed application to proceed *in forma pauperis* for this second case within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 21st day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                                             _____
                                                                                                                             IRMA CARRILLO RAMIREZ
                                                                                               UNITED STATES MAGISTRATE JUDGE