**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES BELGER, #1406069,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1646-B (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's filing fee, received on October 23, 2018, after judgment was entered.  Based on the relevant filings and applicable law, the filing fee should be liberally construed as a motion to alter or amend the judgment and **GRANTED**, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petition should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

On June 25, 2018, James Belger (Petitioner), an inmate currently incarcerated in the Clements Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed an *Application for A Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07*.  (*See* doc. 3.)  The filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (*See* doc. 4.)

### A.      State Proceedings

Petitioner was convicted of four counts of aggravated sexual assault of a child, one count of indecency with a child by contact, and one count of indecency with a child by exposure in Cause No. 24373-422 in the 422nd Judicial District Court of Kaufman County, Texas, on October 17,

2006, and he was sentenced to life imprisonment on two counts, 99 years' imprisonment on two counts, 20 years' imprisonment on one count, and 10 years' imprisonment on one count. (*See* doc. 3 at 2[1]); *see* www.kaufmancounty.net (search for petitioner). He did not appeal. He filed state habeas applications, received in the state district court on July 22, 2016, that were denied on May 17, 2017. *See Ex parte Belger*, WR-85,658-01 through -06 (Tex. Crim. App. May 17, 2017).

**B.    Federal Procedural History**

By *Notice of Deficiency and Order* dated June 26, 2018, Petitioner was advised that his initial filing, which is typically filed in state court, had been opened as a new federal habeas case. (*Id.*) He was also advised that if he had intended to file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, he had not filed it on the appropriate form, and had not paid the filing fee for a habeas case under § 2254 or submitted a request to proceed *in forma pauperis* (IFP). He was ordered to file his petition on the correct form and to either pay the $5.00 filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days. He was specifically warned that a failure to do could result in the dismissal of the case.

Petitioner filed his amended petition on the correct form on July 30, 2018, but did not pay the filing fee or file an IFP application with certificate of inmate trust account within thirty days. (*See* doc. 5.) A *Second Notice of Deficiency and Order* was issued on August 9, 2018, directing him to pay the filing fee or submit an IFP application within thirty days. (*See* doc. 6.) After he failed to comply with the order, on October 12, 2018, the case was dismissed for failure to prosecute or follow court orders. (*See* docs. 8, 9, 10.)

On October 23, 2018, Petitioner's $5 filing fee for this case was received.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

C.    **Substantive Claims**

In his amended petition, Petitioner claims that (1) trial counsel was ineffective; (2) there was prosecutorial misconduct; (3) the trial court abused its discretion; and (4) he is actually innocent. (*See* doc. 5 at 6-7.)[2]

## II.  FED. R. CIV. P. 59(e)

Because Petitioner's filing fee was received within 28 days of the entry of judgment, it is liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[3]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion

---

[2] When Petitioner initiated the present case, he had another habeas petition pending in No. 3:18-CV-1253-D that challenged the same convictions. The petition in that case was denied as barred by the statute of limitations. *See Belger v. Follew*, No. 3:18-CV-1253-D (N.D. Tex. Aug. 30, 2018).

[3] A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's payment of the filing fee does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*

to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's payment of the filing fee does not implicate either (1) an intervening change in law or (2) the availability of new evidence. There is often a considerable delay between a petitioner's authorization for a prison facility to withdraw the filing fee from his account and the actual receipt of the filing fee by a court. Given the short duration between the judgment and the receipt of the filing fee, the payment could well have been in process at the time that this case was dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the order to pay the fee. This implicates a manifest error of fact that warrants consideration of the need to render a decision on the basis of all the facts. Accordingly, the fee should be liberally construed as motion to alter or amend the judgment and granted, the judgment dismissing the case under Fed. R. Civ. P. 41(b) should be vacated, and the case should be considered on the merits.

### III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

### A.    <u>Calculation of One-Year Period</u>

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims regarding his conviction and sentence either became known or could have become known prior to the date his judgment became final.[4]  Because Petitioner did not appeal the October 17, 2006 judgment, it became final thirty days later, on November 16, 2006.  *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order").  He therefore had until October 17, 2007, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2)

---

[4]  He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

(emphasis added). Petitioner's state habeas application was filed in 2016, which was after the limitations period expired in 2007, so it did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). He filed his § 2254 petition on June 19, 2018, the date that the initial filing was signed and deemed mailed.[5] It is therefore untimely.

## C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher*

---

[5] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to equitable tolling of the federal statute of limitations.

**D.    Actual Innocence**

Petitioner contends that he is actually innocent. In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Petitioner has not presented a claim of actual innocence based on new evidence, so he has not shown that the untimeliness of his federal petition should be excused. *See id.*; *Henderson v.*

*Stephens*, 2014 WL 1600621 at \*4 (S.D. Tex. Apr. 21, 2014) (untimeliness of petition not excused where petitioner did not present evidence to support his allegation of new evidence of innocence). Petitioner has not shown that he is entitled to equitable tolling.

## IV.  RECOMMENDATION

The untimely payment of the filing fee should be liberally construed as a motion to alter or amend the judgment and **GRANTED**, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 5th day of November, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8