IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES BELGER, #1406069,        ) | |
|     Petitioner,        ) | |
| vs.        ) | No. 3:18-CV-1646-B (BH) |
|         ) | |
| LORIE DAVIS, Director,        ) | |
| Texas Department of Criminal        ) | |
| Justice, Correctional Institutions Division,        ) | |
|     Respondent.        ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Petition in Opposition to Magistrate's Findings, Conclusions and Recommendation*, received on November 26, 2018 (doc. 14), after judgment was entered. Based on the relevant filings and applicable law, the filing should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

On June 25, 2018, James Belger (Petitioner), an inmate currently incarcerated in the Clements Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed an *Application for A Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07*. (*See* doc. 3.) The filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* doc. 4.) By *Notice of Deficiency and Order* dated June 26, 2018, Petitioner was advised that his initial filing, which is typically filed in state court, had been opened as a new federal habeas case. (*Id.*) He was also advised that if he had intended to file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, he had not filed it on the appropriate form, and had not paid the filing fee for a habeas case under § 2254 or submitted a request to proceed *in forma pauperis* (IFP). (*Id.*) He was ordered to

file his petition on the correct form and to either pay the $5.00 filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days. (*Id.*) He was specifically warned that a failure to do could result in the dismissal of the case. (*Id.*)

Petitioner filed his amended petition on the correct form on July 30, 2018, but did not pay the filing fee or file an IFP application with certificate of inmate trust account within thirty days. (*See* doc. 5.) A *Second Notice of Deficiency and Order* was issued on August 9, 2018, directing him to pay the filing fee or submit an IFP application within thirty days. (*See* doc. 6.) After he failed to comply with the order, on October 12, 2018, the case was dismissed for failure to prosecute or follow court orders. (*See* docs. 8, 9, 10.) On October 23, 2018, Petitioner's $5 filing fee for this case was received. Based on the payment of the filing fee, it was recommended on November 5, 2018, that the judgment be vacated, and that the petition be denied as barred by the statute of limitations. (*See* doc. 12.) On November 26, 2018, the previous judgment was vacated, and a new judgment was entered that denied the petition as untimely. (*See* doc. 13.)

Petitioner signed and mailed his objections to the recommendation on November 16, 2018, but they were not received and docketed until November 26, 2018, after the second judgment had been entered. (*See* doc. 14 at 7.) He claims that he received the recommendation on November 12, 2018, and objects to the recommended dismissal of his petition as barred by the statute of limitations. (*Id.* at 2-5.)

## II. FED. R. CIV. P. 59(e)

Petitioner's filing consists of his objections to the recommended dismissal of his petition. Because they were received within 28 days of the entry of judgment, they are liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

*See Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motions for relief from judgment) (citing *Bagley v. Board of Directors-Famers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)); *see also Campbell v. Schweitzer*, No. 1:16-CV-411, 2017 WL 4510619, at *1 (S.D. Ohio Oct. 10, 2017) (construing objections that were timely mailed prior to entry of judgment but received after judgment as motion to amend under Rule 59(e)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Petitioner's objections contend that he is actually innocent, and that the untimeliness of his § 2254 petition should be excused under *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013). In *McQuiggin*, the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can

3

overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Here, the recommendation found that Petitioner was not entitled to equitable tolling because he had not presented a claim of actual innocence based on new evidence, so he did not show that the untimeliness of his federal petition should have been excused. (*See* doc. 11 at 7-8, citing *Floyd* and *Henderson v. Stephens*, 2014 WL 1600621 at *4 (S.D. Tex. Apr. 21, 2014) (untimeliness of petition not excused where petitioner did not present evidence to support his allegation of new evidence of innocence).)

Petitioner objects that his "new evidence" would have been presented at trial but for ineffective assistance of counsel. He still has not identified any evidence of actual innocence, however, so he has still not shown that the untimeliness of his petition should be excused. *See Henderson*, 2014 WL 1600621 at *4. Moreover, evidence that was "always within the reach of [petitioner's] personal knowledge or reasonable investigation" is not new for purposes of the actual-innocence excuse for untimeliness. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Petitioner has not shown that there was evidence of innocence that was unavailable to him or counsel at or

4

before trial. *See id*. Because Petitioner has not shown the availability of new evidence not previously available, his objections do not meet the standard for relief from the judgment denying his habeas petition as barred by the statute of limitations.

### III. RECOMMENDATION

Petitioner's filing, which consists of his objections to the recommended dismissal of his petition as time-barred, should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED on this 28th day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE